UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH MEREDITH ECKER, as
Guardian of ROBERT RAYMOND ECKER,

       Plaintiff,                       Civil Case No. 09-14691
                                              Honorable Patrick J. Duggan

v.

ALLSTATE INSURANCE CO.,

       Defendant.
_____/

## ORDER REGARDING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

In this lawsuit, Plaintiff, as guardian of Robert Ecker ("Robert"), seeks attendant care benefits under Michigan's no-fault act that Robert required allegedly as a result of a closed head injury he suffered in a September 9, 1998 motor vehicle accident. On November 15, 2012, Defendant Allstate Insurance Company ("Allstate") filed a motion for judgment as a matter of law pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(b). In its motion, Allstate argues *inter alia* that Robert's need for the sought-after attendant care benefits did not arise from the 1998 motor vehicle accident, but rather a March 24, 2003 motorcycle accident. Allstate's motion has been fully briefed and, on February 7, 2013, this Court held a motion hearing.

At the motion hearing, the Court expressed concern regarding the absence of clear medical evidence addressing whether or not Robert's need for the level of attendant care benefits being sought by Plaintiff arose from his 1998 accident. Specifically, the Court

indicated that it was looking for the opinion of a medical expert, with knowledge of Robert's *complete* medical history (at least from the 1998 accident forward), as to the following:

> (1) Whether Robert's post-2003 need for 24 hour attendant care is attributable to the injuries he suffered in the 1998 accident;
>
> (2) Whether Robert's 2003 motorcycle accident was caused by or related to the injuries he suffered in the 1998 accident.

In response, the parties informed the Court that they had limited their discovery in this case to some extent, particularly in conducting depositions of Plaintiff's various treating doctors. Concluding that some additional discovery should be conducted to present the Court with a complete record to decide Allstate's motion, the Court provided the parties with the following schedule:

> •30 days from the date of the Court's decision on Plaintiff's motion for partial summary judgment to identify additional expert witnesses;
>
> •60 days from the identification of additional expert witnesses to conduct discovery with respect to the issues set forth above;
>
> •30 days from the close of additional discovery to file supplemental briefs on the issues set forth above.

The Court will defer ruling on Allstate's motion for summary judgment until it receives and has the opportunity to review the parties' supplemental briefs.

    **SO ORDERED**.

Dated: February 11, 2013                        s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:

George T. Sinas, Esq.
Stephen H. Sinas, Esq.
James L. Borin, Esq.
Ian C. Simpson, Esq