# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

KENNETH MEREDITH ECKER, as
Guardian of ROBERT RAYMOND ECKER,   Case No. 09-14691
an incapacitated individual,

                                                                                                   Patrick J. Duggan
      Plaintiff,                                     U.S. District Judge
v

                                                                Michael Hluchaniuk
ALLSTATE INSURANCE COMPANY,     U.S. Magistrate Judge
a foreign insurance company,

      Defendant.
_____/

# REPORT AND RECOMMENDATION
# PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT,
# PAY ATTORNEY FEES/COSTS, AND DISTRIBUTE PROCEEDS (Dkt. 41)

Plaintiff filed an unopposed motion to approve settlement, pay attorney fees and costs, and distribute proceeds on July 9, 2013. (Dkt. 41). District Judge Patrick J. Duggan referred this matter to the undersigned for report and recommendation. (Dkt. 42). Pursuant to notice, the Court held a hearing on the motion on July 15, 2013. (Dkt. 43).

For the reasons stated on the record, the undersigned finds that:

A.    Plaintiff, Kenneth M. Ecker, as Guardian and Conservator Robert Raymond Ecker, an incapacitated individual, is authorized to settle this case in the amount of $270,000, pursuant to the terms of the June 14, 2013 "*Binding Facilitative Mediation Agreement*" (attached to Plaintiff's Motion as Exhibit 3).

B.    Plaintiff, Kenneth M. Ecker, as Guardian and Conservator

1

       Robert Raymond Ecker, an incapacitated individual, is authorized to execute a final Release which is consistent with the terms of the June 14, 2013 "*Binding Facilitative Mediation Agreement.*"

C.     From the gross settlement amount of $270,000, the law firm of Sinas, Dramis, Brake, Boughton & McIntyre, P.C., shall receive the sum of $20,500 as payment of litigation costs. To the extent the anticipated future costs of $321.65 are not actually incurred, the law firm of Sinas, Dramis, Brake, Boughton & McIntyre, P.C., will reimburse Plaintiff pursuant to the terms of the Contingent Attorney Fee Agreement with Plaintiff.

D.     From the gross settlement amount of $270,000, less the litigation costs of $20,500, the law firm of Sinas, Dramis, Brake, Boughton & McIntyre, P.C., shall receive the sum of $83,166.65, as payment of its attorney fees in this case.

E.     The remaining amount of $166,330.33 shall be distributed to Kenneth M. Ecker, representing reimbursement for the subject attendant care services rendered to Robert Raymond Ecker.

F.     On receipt of the settlement proceeds from Defendant Allstate Insurance Company, Plaintiff Kenneth M. Ecker, as Guardian and Conservator of Robert Raymond Ecker, an incapacitated individual, is authorized to enter into a Stipulation and Order of Dismissal of the above-captioned lawsuit, with prejudice, but consistent with the terms and conditions of the June 14, 2013 "*Binding Facilitative Mediation Agreement*" between the parties, and without costs to any party.

G.     The Court finds that the terms of the settlement are in the best interests of Robert Raymond Ecker, an incapacitated individual.

    The undersigned **RECOMMENDS** that the Court **GRANT** plaintiff's motion and **ADOPT** the foregoing findings.

    The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 17, 2013                          s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I certify that on July 17, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Stephen H. Sinas, Ian C. Simpson.

                                              s/Tammy Hallwood
                                              Case Manager
                                              (810) 341-7850
                                              tammy_hallwood